UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT MILLER,

       Plaintiff,                             Civil Action No. 12-CV-10186

vs.                                   HON. BERNARD A. FRIEDMAN

CITY OF DETROIT, et al.,

       Defendants.

_____/

## ORDER GRANTING MOTION OF DEFENDANTS
## WASHTENAW COUNTY, RUSH AND ARMSTRONG TO DISMISS

       This matter is presently before the Court on the motion of defendants Washtenaw County, and Washtenaw County sheriff's deputies Eugene Rush and Steve Armstrong ("the Washtenaw defendants") to dismiss the complaint [docket entry 36]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion with a hearing.

       This is a police misconduct action. In addition to the Washtenaw defendants, the complaint names the City of Detroit and five Detroit police officers. Plaintiff alleges that on January16, 2009:

> 12. . . . Defendants arrived at Plaintiff's home and falsely arrested Plaintiff for various crimes he did not commit . . . .
>
> 13. . . . Defendants unlawfully searched Plaintiff's house and intentionally tore the house up and damaged personal belongings of Plaintiff.
>
> 14. Any warrants issued were lacking probable cause and were based on false and/or misleading information.
>
> 15. . . . at the time the various crimes were allegedly committed, Plaintiff was at work, a fact Defendants knew or should have known,

thereby [sic] Plaintiff could not have committed the crimes Defendants falsely accused him of.

16. Plaintiff told Defendants of his alibi, but they refused to listen to Plaintiff.

17. On the day of Plaintiff's false arrest, Defendant Wideman came into an interrogation room with a very large black man who was "cracking his knuckles," thereby intimidating and terrifying Plaintiff.

18. Plaintiff was then taken to the Ninth Precinct of the Detroit Police Department where he stayed in jail for approximately the next three weeks.

*   *   *

21. A man named Tomicko, one of the individuals who was robbed, informed Plaintiff that Defendant Wideman and the other Defendants tried to get him to lie about the murders and robberies and tried to coerce him into saying that Plaintiff was responsible.

*   *   *

23. Defendant Wideman and the other Defendants told Tomicko that he was going to pick out Plaintiff as the perpetrator, but he refused because Plaintiff was not involved.

24. Defendant Wideman threatened Plaintiff and told Plaintiff that "he was coming after him."

25. As a result of Defendants' unlawful actions, Plaintiff suffered injuries and damages.

*   *   *

28. . . . Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights . . . .

29. Defendants acted unreasonably and failed in their duty when they detained/seized Plaintiff . . . .

30. Defendants acted under color of law and are not entitled to qualified immunity . . . .

\*   \*   \*

32. Defendants' illegal acts were the direct and proximate cause of Plaintiff's deprivation of liberty and illegal incarceration and prosecution.

33. Due to Defendant's [sic] illegal acts, Plaintiff's Fourth Amendment rights were violated . . . .

\*   \*   \*

35. That Plaintiff was illegally incarcerated for a crime that Defendants knew he did not commit.

36. . . . Defendants had no actual knowledge or probable cause to believe the charges would succeed . . . .

37. Defendants failed to properly and thoroughly conduct an investigation, they manufactured probable cause, lied, and wrongfully incarcerated Plaintiff for a crime Defendants knew he did not commit.

38. Defendants were the initiators of Plaintiff's wrongful prosecution . . . .

39. Defendants knew they falsely and recklessly built a case against Plaintiff, . . . .

40. Defendants' acts were the direct and proximate cause of Plaintiff's malicious prosecution, . . . .

\*   \*   \*

44. . . . Defendants made a conscious decision to threaten and coerce Plaintiff to make him confess to crimes he did not commit.

45. . . . the individual Defendants were acting in both their individual and official capacities . . . .

46. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff as described above, Plaintiff has suffered injuries and damages.

47. As a result of Defendants' violation/deprivation of Plaintiff's

3

constitutional rights, Plaintiff has a viable claim . . . .

Comp. ¶¶ 12-47. Plaintiff also alleges that defendants City of Detroit and Washtenaw County are liable due to their failure to train and supervise their officers, *id.* ¶¶ 48-53; and that "Defendants were acting as police officers of the Detroit Police Department" and violated plaintiff's rights "with deliberate indifference and/or gross negligence." *Id.* ¶¶ 54-61.

The Washtenaw defendants seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. They rely on *Marcilis v. Twp. of Redford*, 693 F.3d 589 (6th Cir. 2012). In that case – a multi-defendant police misconduct action filed by the same attorney who represents plaintiff in the instant action – the district court dismissed the complaint as to two of the defendants because plaintiff made only general allegations about the defendants collectively, but failed to allege specifically how each individual defendant violated his rights. The district court noted that "[c]ourts are hesitant to accept this form of generalized pleading, especially where § 1983 and/or *Bivens* claims are involved." *Marcilis v. Redford Twp.*, No. 09-11624 (E.D. Mich. Aug. 16, 2010), at 5. The district court dismissed the complaint as to the defendants who sought dismissal on the strength of "post-*Twombly/Iqbal* cases dismissing § 1983 and/or *Bivens* claims where the personal involvement of individual defendants was not pleaded." *Id.* at 7. In affirming, the Sixth Circuit stated:

> Though we have not yet addressed this issue in a published opinion, we have found, in an unpublished opinion, that a complaint failed where a plaintiff "did not allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights. This is a requirement in *Bivens* actions such as this one." *Kesterson v. Moritsugu*, 149 F.3d 1183, No. 96–5898, 1998 WL 321008, at *4 (6th Cir. June 3, 1998) (unpublished table decision). The Tenth Circuit has found that a complaint containing only collective references to defendants does not adequately state a *Bivens* claim. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th

4

Cir.2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *see also Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir.2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [the] minimum standard" that "a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests." (internal quotation marks omitted)). We have made similar statements in the context of non-*Bivens* constitutional tort claims against government actors. *See, e.g., Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir.2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."). Requiring that federal defendants be identified with particularity is also in accord with how the Supreme Court discussed *Bivens* liability in *Iqbal*: "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The complaint mentions Doyle and Livingston only in paragraph six, for the purposes of identifying them as employees of the Drug Enforcement Administration. Otherwise, the complaint makes only categorical references to "Defendants." We conclude that the district court did not err in dismissing the claims against Doyle and Livingston for failing to "allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman*, 529 F.3d at 684.

*Id.* at 596-97.

The complaint in the present case suffers from the identical infirmity as did the complaint in *Marcilis*. In both cases, the complaint consists almost entirely of generalized allegations against "defendants" collectively, as opposed to specific allegations as to "what each defendant did to violate the asserted constitutional right." Plaintiff's arguments to the contrary are

the same arguments which were raised before and rejected by the district court and the court of appeals in *Marcilis*.  Plaintiff's effort to limit *Marcilis* to *Bivens* actions is also unavailing, in light of the court of appeals' statement that more specificity than "defendants violated plaintiff's rights" is required not only in *Bivens* actions but also "in the context of non-*Bivens* constitutional tort claims against government actors."  *Id.* at 596.  Accordingly,

IT IS ORDERED that the Washtenaw defendants' motion to dismiss is granted.

IT IS FURTHER ORDERED that plaintiff may file a motion seeking leave to amend the complaint within ten (10) days of the date of this order.  If plaintiff files such a motion, the proposed amended complaint must be attached thereto and it must comport with the pleading requirements of *Marcilis.*

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  June 5, 2013
        Detroit, Michigan

6