UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT MILLER,

    Plaintiff,                                                          Civil Action No. 12-CV-10186

vs.                                                                         HON. BERNARD A. FRIEDMAN

CITY OF DETROIT, et al.,

    Defendants.

_____/

**<u>OPINION AND ORDER GRANTING THE MOTION OF DEFENDANTS RUSH, ARMSTRONG, AND WASHTENAW COUNTY FOR SUMMARY JUDGMENT</u>**

        This matter is presently before the Court on the motion of defendants Rush, Armstrong, and Washtenaw County for summary judgment [docket entry 56]. Plaintiff has not responded to this motion, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

        This is a police misconduct action. Plaintiff alleges that on January 16, 2009, five Detroit police officers (defendants Wideman, Kammerzell, Estrada, Carlisi, and Oemkhe) and two Washtenaw County sheriff's deputies (defendants Rush and Armstrong) "all rushed into Plaintiff's home with each one pointing guns directly at Plaintiff's head and all of them screamed for Plaintiff not to move." Am. Compl. ¶ 16. Plaintiff further alleges, regarding Rush and Armstrong, that

> 17. One of the Washtenaw County Defendants (white male/no facial hair) then pushed Plaintiff's back against the wall, despite the fact that Plaintiff was obviously unarmed and complying with officers' commands.
>
> 18. Even after Plaintiff was fully handcuffed and zip-tied and obviously not a threat to anyone, Defendants Wideman, Kammerzell, Estrada, Carlisi, Oemkhe, Rush, and Armstrong continued to point their guns at Plaintiff's head for approximately one minute in a deliberate attempt to intimidate and frighten Plaintiff.

* * *

> 21. After Plaintiff was zip-tied and handcuffed and after an initial search of the residence was conducted, Defendants Rush and Armstrong and various other named Detroit Defendants began to vigorously search the house, without any legal justification whatsoever.
>
> 22. Defendants Rush and Armstrong began to search the upstairs of the house, and the Detroit Defendants proceeded to search downstairs despite the fact that the house had already been secured.
>
> 23. During the unlawful search of Plaintiff's home, there was a loud "crash" in the basement, at which time Defendant Rush went to the basement and blamed the Detroit Defendants for breaking Plaintiff's property and stated words to the effect that "we did not come here for that-we came to serve a warrant"; yet at no time did Defendant Rush or Defendant Armstrong intervene on Plaintiff's behalf and tell the other officers to stop.
>
> 24. Defendant Armstrong assisted other officers in removing a computer and other property from Plaintiff's house.

*Id.* ¶¶ 17-18, 21-24.

Plaintiff asserts claims against all of the officers for arresting him without probable cause, in violation of the Fourth Amendment (Count I); against the Detroit officers for maliciously prosecuting him, in violation of the Fourth Amendment (Count II); against all of the officers for pointing their guns at him for no justifiable reason, in violation of the Fourteenth Amendment (Count III); against "the individual Defendants" for using excessive force against him, in violation of the Fourth Amendment (Count IV); against the City of Detroit and Washtenaw County for failing to train, supervise, and discipline the individual defendants (Count V); and against all of the officers for gross negligence (Count VI).

Defendants Rush and Armstrong seek summary judgment on the grounds that they were not involved in arresting plaintiff or in searching his house. Both of these defendants have

submitted affidavits in which they aver that they simply provided "standby assistance" while the Detroit officers executed an arrest warrant issued by a judge of the 36th District Court. Defs.' Exs. 3, 4, 6, 7. Rush and Armstrong aver that the Detroit officers requested such assistance because they intended to execute the warrant at an address where they believed plaintiff resided in Ypsilanti, which is located within Washtenaw County. Rush and Armstrong both aver that they remained outside while the Detroit officers entered plaintiff's house and arrested him; that they had no contact with plaintiff; that they did not point their guns at him; and that they never entered his house. In short, these defendants aver that they had nothing to do with the arrest or search that is the basis for plaintiff's complaint except to stand by outside.

By failing to respond to defendants' motion, plaintiff has failed to demonstrate the existence of a genuine issue as to Rush's and Armstrong's involvement in his arrest or in the search of his house. Under Fed. R. Civ. P. 56(e)(2), the Court takes their non-involvement to be undisputed. In light of this undisputed fact, Rush and Armstrong are plainly entitled to summary judgment.

Defendant Washtenaw County is entitled to summary judgment as well. If "the officer inflicted no constitutional harm," then no *Monell* claim may lie against the municipality that employs him. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). In other words, "[t]here must be a constitutional violation for a § 1983 claim against a municipality to succeed–if the plaintiff has suffered no constitutional injury, his *Monell* claim fails." *North v. Cuyahoga Cty.*, 754 F. App'x 380, 389 (6th Cir. 2018). As plaintiff has not shown that Rush or Armstrong were involved in any of the violations of his rights that he has alleged in his complaint, it is impossible for him to show that Washtenaw County is liable for having failed to train, supervise, or discipline

3

them. Accordingly,

IT IS ORDERED that the motion of defendants Rush, Armstrong, and Washtenaw County for summary judgment is granted.

<pre>
                                        s/Bernard A. Friedman
Dated:  April 3, 2019                   BERNARD A. FRIEDMAN
        Detroit, Michigan               SENIOR UNITED STATES DISTRICT JUDGE
</pre>